ROBERT P. HAMILTON - State Bar #115744
JAMES F. HETHERINGTON – State Bar #151331
GOODMAN NEUMAN HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411
rhamilton@gnhllp.com
jhetherington@gnhllp.com

Attorneys for Defendant
VICTORIA'S SECRET STORES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MOLINA,<br><br>                Plaintiff,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC and DOES 1 through 25,<br><br>                Defendants. | Case No. 2:19-cv-02117-MCE-EFB<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER** |

## STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

IT IS HEREBY STIPULATED AND AGREED to by the undersigned on behalf of their respective clients that:

1. (a) This Confidentiality Agreement (the "Agreement") governs the handling of all documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively "Material"), produced, given, or filed during discovery and other proceedings in this action.

    (b) The provisions of this Agreement shall apply to (i) the parties in this case and (ii) any other person producing or disclosing Material in this action who agrees to be bound by the terms of this Agreement. However, nothing herein shall be construed to modify the restriction set out below in Section 3 regarding access to confidential Material.

(c) As used herein "person" includes the named parties as outlined at l(b)(i) and (ii) above, and those defined in 3(b) herein who have agreed to be bound by this Agreement.

2. Any person may designate as "Confidential" any Material produced in the course of discovery proceedings herein only when such designating person in good faith believes such Material contains sensitive personal information, trade secrets, or other confidential or proprietary information which is of such a sensitive nature that disclosure would result in competitive harm or damage to its business or financial welfare, or cause damage to the reputation or standing in the community of the parties, and such Material is not otherwise accessible to the public.

3. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of this litigation (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available, or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below;

(b) Confidential Material may be disclosed, for the purposes set forth above, only to:

(i) the parties;

(ii) counsel of record for the parties and employees of counsel;

(iii) the Court (including court reporters, stenographic reporters, and court personnel);

(iv) any expert to whom Confidential Material is to be disclosed shall first be advised by the person making the disclosure that, pursuant to this Agreement, such persons shall not divulge such Material to any other person other than in accordance with this Agreement. The attorney making the disclosure shall secure from each person a declaration in the form attached as **Exhibit A**, stating such person has read the Agreement and agrees to be bound by it. Such declaration shall be maintained in the possession of the

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

attorneys securing the declaration until further order of the Court, except that, upon request of opposing counsel, the counsel securing the declaration shall provide a copy of the designation to opposing counsel.

    (v) any other person as to whom the producing person expressly agrees in writing after the name of such person has been disclosed;

    (vi) any person as further ordered by the Court;

    (vii) officers and directors of the parties actually assisting counsel of record or in-house counsel in preparation of this case;

    (viii) outside vendors performing clerical functions, but only for so long as necessary to perform those services;

    (ix) witnesses in preparation for and/or during their examination as witnesses at trial or in a deposition, but prior to such use the Party taking the deposition shall make reference to the confidentiality of the Confidential Material; and

    (x) all persons that the Parties may agree upon in writing.

  (c) ~~All pleadings or other court filings which incorporate or disclose Confidential Material shall be filed with or received by the Court in a sealed envelope or other container marked on the outside with the title of the action, and identification of each item within and a statement as follows:~~

~~"CONFIDENTIAL MATERIAL SUBJECT TO COURT'S AGREEMENT. This envelope contains documents or transcripts which are subject to a Confidentiality Agreement of the parties. This envelope shall not be opened or the contents thereof displayed or revealed except by specific further Order of Court or as is allowed by the Agreement entered in the action. Violation of this prohibition may be treated as contempt of court."~~

  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material.  Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue.  However, the designation of material as confidential, without more, is insufficient to obtain a sealing order.  Any party that seeks to file Confidential Material

**STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**

Goodman Neuman Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

1  under seal must comply with Local Rule 141, which governs motions for a sealing order.
2  As provided in Local Rule 141, a sealing order will issue only upon a request establishing
3  that the Confidential Material at issue is privileged, protectable as a trade secret, or
4  otherwise entitled to protection under the law.  Further, the briefing on the motion for a
5  sealing order shall address U.S. Supreme Court and Ninth Circuit standards for whether
6  the material may be filed under seal.  Regardless of which party files the motion for a
7  sealing order, the party that designated the material as confidential shall file a brief
8  addressing those standards, and shall have the burden of establishing that the Confidential
9  Material should be filed but not made publicly available.

10              (d)     Any disclosure of Confidential Material at trial or in any other court
11  proceeding.

12       4.      Each person given access to Confidential Material pursuant to the terms
13  hereof (other than persons described in paragraph 3(b)(iii), above) shall be advised that (i)
14  the Confidential Material is being disclosed pursuant to and subject to the terms of this
15  Agreement and may not be disclosed other than pursuant to the terms hereof.  Before any
16  person (other than persons described in paragraphs 3(b)(ii) or 3(b)(iii), above) is given
17  access to Confidential Material, he/she must also execute the annexed certificate. The
18  signature on this Agreement of a member of a law firm acting as litigation counsel to a
19  party shall constitute an agreement by all lawyers and employees of that firm to be so
20  bound.

21       5.      The failure of any party, attorney or other person subject to this Agreement
22  to abide by the terms and conditions hereof shall be referred to this Court for appropriate
23  action.

24       6.      Confidential Material shall be designated as follows:

25              (a)     In the case of documents, designation shall be made by placing the
26  legend "CONFIDENTIAL" on the first page of any such document prior to production.

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

(b) In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains Confidential Material.

(c) In the case of deposition testimony, counsel for the testifying person may designate on the record at the time of the deposition those portions of testimony to be treated as "Confidential." Those designated portions, if transcribed, shall be prepared in a separate transcript marked as "Confidential," and, if filed with the Court, shall be filed under seal pursuant to paragraph (c) above.

(d) All briefs, pleadings, or other filings with the Court which incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and filed under seal.

(e) The Confidential Material will be kept in the custody and care of the persons authorized to receive such Confidential Material under the provisions of Section 3 of this Agreement.

7. (a) No party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect sensitive personal information, trade secrets, proprietary, or confidential information or has been properly designated as such. Any party may at any time, on reasonable notice, move for

(i) modification of this Agreement, or

(ii) relief from the provisions of this Agreement with respect to specific Material. In addition, the parties may agree in writing or on the record to necessary modifications of this Agreement.

(b) A party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging

1  party may, on reasonable notice, apply for appropriate ruling(s) from the Court. The
2  Material in issue shall continue to be treated as designated Confidential until the Court
3  orders otherwise.

4      8.    This Agreement, insofar as it restricts the communication and use of
5  Confidential Material, shall continue to be binding throughout and after the conclusion of
6  this litigation, including any appeals.

7      9.    Any Material which was possessed by a receiving party prior to its disclosure
8  by the producing party or comes within the possession of such other party through means
9  not constituting breach of this Agreement need not be treated as Confidential Material
10 under the terms of this Agreement.

11     10.    The parties do not waive any rights they may otherwise have by execution of
12 this Agreement. Nothing in this Agreement shall prevent any party from seeking
13 modification, or from objecting to discovery that it believes to be improper. The Court may
14 enter such other and further orders that it deems appropriate and this Agreement is without
15 prejudice to the right of any party to apply for another further order including, but not
16 limited to, a protective order providing greater protection for certain documents or
17 categories of documents and without prejudice to the parties agreeing to any modification
18 thereof.

19     11.    This Agreement shall be submitted to the Court, with a request that it be
20 executed and filed by the Court, immediately upon execution by the Parties. Prior to
21 approval by the Court, this Agreement shall be effective as if approved.

22     12.    At the conclusion of this case, counsel for the Plaintiff shall assemble and
23 return to counsel for Defendant as soon as reasonably practical all Confidential Material or
24 Plaintiff may destroy all Confidential Material and any abstracts, summaries, notes, or
25 other work product relating to the Confidential Material. Until so returned or destroyed,
26 such Confidential Material shall remain subject to this Order.
27 /////
28 /////

Goodman Neuman Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

**AGREED:**

/s/
Richard Silvestri
Gavrilov & Brooks
2315 Capitol Avenue
Sacramento, CA 95816
(916) 504-0529
*Attorneys for Plaintiff Kelly Molina*

/s/ James Hetherington
ROBERT P. HAMILTON
JAMES F. HETHERINGTON
Goodman, Neuman, Hamilton LLP
417 Montgomery St., 10th Floor
San Francisco, CA 94104
(415) 705-0400
*Attorneys for Defendant Victoria's Secret Stores, LLC*

## ORDER

In accordance with the foregoing stipulation of the parties, IT IS SO ORDERED.

DATED: July 6, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

**STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**

## CERTIFICATE

I certify my understanding that Confidential Material is being disclosed to me pursuant to the terms and restrictions of the Confidentiality Agreement dated_____, 20__ in *Kelly Molina v. Victoria's Secret Stores, LLC,* before the United States District Court, Eastern District of California, identified as Case No. 2:19-cv-02117-MCE-EFB, and I have been given a copy of and have read that Order and agreed to be bound by it. I understand that all Confidential Material and copies including, but not limited to, any notes or other transcription made from such protected documents, shall be returned to counsel for the party providing them or destroyed, no later than thirty (30) days after the termination of this proceeding. I understand that violation of the Confidentiality Agreement by me or anyone acting under my direction may be treated as breach of an oral agreement to be bound by the terms of the Confidentiality Agreement and possibly contempt of court.

_____ , 2020

_____
Signature

_____
Print Name

_____
Address

_____

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

-8-
**STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**